County of Allegheny, Appellant *v.* Lyda M. Gray, Appellee.

Argued May 3, 1978, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge DISALLE did not participate.

*Samuel P. Kamin,* Assistant County Solicitor, with him *Alexander J. Jaffurs,* County Solicitor, for appellant.

*Leonard M. Mendelson,* with him *Hollinshead and Mendelson,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., August 8, 1978:

The County of Allegheny (County) appeals an order of the Court of Common Pleas awarding Lyda M. Gray (Appellee) $3,464.00 as special damages under Section 603-A(a)(2) of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* added by the Act of December 29, 1971, P.L. 643, 26 P.S. §1-603A(a)(2).

Pursuant to an agreement of sale, County acquired the property and home of Appellee to allow for expansion of the Greater Pittsburgh International Airport. County paid Appellee $110,000 for the property. Subsequently, Appellee purchased a replacement home for $22,900. Incident to this purchase, Appellee was reimbursed for her closing expenses and her moving expenses were also paid by County. The parties entered

into a stipulation of facts before the court below which includes the following:

8. Plaintiff Lyda M. Gray at the time of the events referred to was a widow 77 years of age, was unemployed and had no source of income other than her Social Security, a retirement pension from her ex-employer of $65.00 per month and interest on a small savings account.

9. If Lyda M. Gray had not placed $22,900 in a savings account as security for a mortgage, she could not have obtained a mortgage because of her age and lack of income.

. . . .

11. Plaintiff Lyda M. Gray has elected the benefits available under §603A of the Eminent Domain Code in lieu of those provided by §602-A.

Section 603-A of the Code provides, in part:

Replacement housing for tenants and others

(a) In addition to amounts otherwise authorized, an acquiring agency shall make a payment to or for any displaced person displaced from a dwelling not eligible to receive a payment under section 602-A which dwelling was actually and lawfully occupied by such displaced person for not less than ninety days prior to the initiation of negotiations for acquisition of such dwelling or the receipt of written notice from the acquiring agency of intent to acquire or order to vacate. Such payment shall be either:

(1) The amount determined to be necessary to enable such displaced person to lease for a period not to exceed four years a decent, safe, and sanitary dwelling adequate to accommodate such person in areas not generally less desirable in regard to public utilities and public and com-

mercial facilities, and reasonably accessible to his place of employment. Such amount shall be the additional amount, if any, over the actual rental or fair rental value of the acquired dwelling as determined in accordance with regulations promulgated under section 604-A but not to exceed four thousand dollars ($4,000); or

(2) The amount necessary to enable such person to make a down payment, which shall mean the equity payment in excess of the maximum amount of conventional financing available to such displaced person, plus those expenses described in section 602-A(a)(3) . . . but not to exceed four thousand dollars ($4,000),. except that if such amount exceeds two thousand dollars ($2,000) such person must equally match such amount in excess of two thousand dollars ($2,000) in making the down payment.

Though eligible for benefits under Section 602-A of the Code, 26 P.S. §1-602A, Appellee has instead elected under that section for benefits under Section 603-A. The parties agreed that if Appellee was found eligible to receive benefits under Section 603-A, judgment was to be entered in her favor in the amount of $3,464.00. The court below found in favor of Appellee and granted judgment in that amount. Subsequently, that court, sitting en banc, sustained this award.

The County presents for our consideration its contention that the word "necessary" as that term is used in Section 603-A(a)(2) of the Code, places upon Appellee a burden of showing that the additional sums provided for in that section are, in fact, needed, in that Appellee must show a loss and the subsequent need to be made whole. County further alleges that the decision of the court below provides a windfall for Appellee not contemplated by the Act.

Section 603-A expressly provides that the payments to be made under that section are "[i]n addition to amounts otherwise authorized." Moreover, the wording of subsection 2 explicitly delineates what is meant by "[t]he amount necessary to enable." It is "the equity payment in excess of the maximum amount of conventional financing available to such displaced persons. . . ." Because the facts stipulated to by the parties indicate that no conventional financing is available to Appellee, it is clear that the legislature intended Appellee to receive the additional payment in question. This line of reasoning is buttressed by our opinion in *Patterson v. County of Allegheny*, 15 Pa. Commonwealth Ct. 228, 325 A.2d 484 (1974).

In *Patterson, supra,* involving rent payments to a condemnee under the predecessor to Section 603-A(a) (1), we were called upon to interpret language nearly identical to that involved here. Recognizing that the section provided for payments "in addition to amounts otherwise authorized," we rejected the condemnor's contention that since the condemnee had received $51,-800 upon surrender of possession to the condemnor, the payment was not "necessary to enable" the condemnee to rent a comparable dwelling. We instead determined that the condemnee was entitled to the additional compensation since it met all of the factual prerequisites of the statute. Likewise, Appellee is otherwise entitled to payment under Section 603-A (a) (2) having made a proper election under Section 602-A. As in *Patterson,* we refuse to limit the additional compensation to displaced persons who are without resources since the payment is expressly "[i]n addition to amounts otherwise authorized and intended as incidental damages."

We, therefore, affirm.

AND Now, this 8th day of August, 1978, the order of the Court of Common Pleas of Allegheny County is affirmed.